UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOH SYSTEMS, INC.<br>d/b/a HYDROTHANE SYSTEMS,<br><br>Plaintiff,<br><br>vs.<br><br>AFTERMARKET BUSINESS<br>CONSULTANTS, INC., d/b/a ABC, INC.,<br>ROBERT ROY CHEESMAN, and<br>HYDRO COMPONENT SYSTEMS, LLC.,<br><br>Defendants. | Case No. 05 cv 11059 RGS |

**MEMORANDUM OF DEFENDANT HYDRO COMPONENT SYSTEMS, LLC IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

**INTRODUCTION**

A company cannot be forced to defend a lawsuit in a jurisdiction to which it has no contacts. Hydro Component Systems, LLC ("Hydro"), through its counsel Choate, Hall & Stewart LLP and Reinhart Boerner Van Deuren s.c., hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2).

**FACTS**

Hydro is a Wisconsin corporation; *see* Declaration of Thomas Reiss ("Reiss Declaration") at ¶ 2. Hydro's only place of business is located in Watertown, Wisconsin. *See* Reiss Declaration at ¶ 2. Hydro is unaware of having made any sales in Massachusetts. *See id.* at ¶ 3. Hydro is not registered to do business in Massachusetts and does not have an agent for service of process in the commonwealth. *See id.* at ¶ 4. Hydro owns no property in Massachusetts. *See id.* at ¶ 4. Hydro agreed to accept service

of the Complaint via United States mail; it was not served while present in Massachusetts. *See id.* at ¶ 5.[1] Finally, no officer or director of Hydro lives in Massachusetts, or is subject to a Massachusetts state court-ordered child support decree. *See id.* at ¶ 11. Contrary to HOH's allegations, Hydro is not partners with ABC or Roy Cheesman: ABC's or Mr. Chessman's activities in Massachusetts have no bearing on Hydro's contacts with Massachusetts. *See id.* at ¶ 13.

HOH does not allege in its Complaint that Massachusetts is a judicial district in which a substantial (or any) part of the events or omissions giving rise to its claims occurred.

## LEGAL STANDARD AND BURDEN OF PROOF

If a Court proceeds without holding an evidentiary hearing when ruling on a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of making a prima facie showing of jurisdiction over a defendant. *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 712 (1st Cir. 1996). The First Circuit has cautioned that evidentiary hearings should be used sparingly because (1) the hearings are taxing and cumbersome; and (2) factual determinations made before trial may have binding, preclusive effects. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 284 F. Supp. 2d 204, 211

---

[1] Wisconsin is the place where Hydro keeps and maintains all company files, sends and receives its business correspondence and maintains its bank accounts. *See* Reiss Declaration at ¶¶ 6,7. Hydro has no subsidiaries or distributors located in or doing business in Massachusetts. *See id.* at ¶ 8. Hydro has no sales representatives assigned to Massachusetts, nor does Hydro direct advertising there. *See id.* at ¶¶ 8, 9. Hydro is not in the business of providing insurance. *See id.* at ¶ 10. Hydro does maintain a website, accessible from Massachusetts and all other states, at www.hydrocomponentsystems.com, but that website is not directed specifically to Massachusetts, and it does not allow customers to make purchases over the website. Instead, the most a person from Massachusetts can do is request additional information from Hydro Components. *See id.* at ¶ 12. *See also Comer v. Comer*, 295 F. Supp. 2d 201, 209-10 (D. Mass. 2003) (holding that the maintenance of a website is an insufficient basis upon which to exercise jurisdiction over a party).

(D. Mass. 2003). Courts should resort to evidentiary hearings only "when the proffered evidence is conflicting and the record is rife with contradictions." *See id.*

Under the *prima facie* standard, the plaintiff must cite to specific evidence in the record demonstrating the relevant jurisdictional facts. *See Daynard,* 290 F.3d at 51 (1st Cir. 2002). The court accepts "properly documented evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing." *Id.* at 45. The Court must also accept as true any uncontested facts put forward by the defendant. *See id.* The federal court will then dismiss unless it finds sufficient contact between the defendant and the forum to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due Process Clause. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995).

## ARGUMENT

For more than 50 years, the touchstone of personal jurisdiction in the federal courts has been whether the defendant purposefully established minimum contacts in the forum state such that he would reasonably anticipate being haled into the forum court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) *citing International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S. Ct. at 158 (1945).

When determining whether personal jurisdiction exists, courts in Massachusetts analyze first whether jurisdiction is proper under Massachusetts' long-arm statute and then whether exercise of jurisdiction comports with traditional notions of due process. *See A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. 39, 42 (D. Mass. 1990). HOH can satisfy neither step of this test.

I. **MASSACHUSETTS CANNOT EXERCISE JURISDICTION OVER HYDRO UNDER ITS LONG-ARM STATUTE.**

Under the Massachusetts long-arm statute, M.G.L.A. c. 223A, jurisdiction over a nonresident is proper only if a party: (1) transacts any business in Massachusetts; (2) contracts to supply services or things in Massachusetts; (3) causes tortious injury by an act or omission in Massachusetts; (4) causes tortious injury by an act outside Massachusetts and regularly conducts or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Massachusetts; (5) has an interest in real property in Massachusetts; (6) contracts to insure any person in Massachusetts; (7) lives in Massachusetts as a party to valid state marriage contract; or (8) is subject to a Massachusetts state court-ordered child support decree. *See A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. at 42.

As the Reiss Declaration establishes, HOH cannot satisfy even one factor listed above. As such, Massachusetts cannot have jurisdiction over Hydro under its long-arm statute.

II. **MASSACHUSETTS CANNOT EXERCISE PERSONAL JURISDICTION OVER HYDRO WITHOUT VIOLATING TRADITIONAL NOTIONS OF DUE PROCESS.**

Even if HOH could satisfy any of the elements under Massachusetts' long-arm statute (and the burden does belong to the plaintiff, *see A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. at 42) the exercise of jurisdiction by Massachusetts over Hydro would not comport with due process requirements. To determine whether due process is satisfied, courts analyze minimum contacts to determine whether the contacts will satisfy either general or specific jurisdiction. General jurisdiction refers to

the analysis courts use when the plaintiff's claim does not arise out of or relate to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. 408, 414, n.9, 104 S. Ct. 1868, 1872 (1984). Specific jurisdiction refers to the analysis courts use when the plaintiff's claim arises out of or relates to the defendant's contacts. *See id*. at 414, n.8. HOH's Complaint alleges no contacts with Massachusetts whatsoever, and the Reiss Declaration establishes that Hydro in fact has no such contacts. Thus, this Court lacks both general and specific personal jurisdiction over Hydro.

### A.   General Jurisdiction Over Hydro Does Not Exist.

Under the general jurisdiction analysis, the due process requirements of the Constitution are satisfied only when a defendant has purposefully established "continuous and systematic contact" with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. at 414. As commentators have recognized, "this is a high standard to meet." *See* 1. Robert L. Haig, Ed. *Business and Commercial Litigation in the Federal Courts*, Section 2.6(1) (West Group & ABA 1998). As set forth in the fact section above, Hydro lacks any jurisdictional contacts whatsoever with Massachusetts, let alone the "continuous and systematic" contacts necessary to satisfy general personal jurisdiction.

### B.   Specific Jurisdiction Over Hydro Does Not Exist.

Similarly, this Court lacks specific jurisdiction over Hydro and therefore must dismiss HOH's Complaint. The Supreme Court has stated that specific jurisdiction exists when the plaintiff's claims arise out of or are related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. at 414, n.8. The focus under a specific jurisdiction analysis is on the nexus between the

5

defendant's contacts and the plaintiff's cause of action. *See Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 714 (1st Cir. 1996). This "relatedness requirement" helps ensure that an element of causation remains in the forefront of the constitutional due process inquiry. *Id.* at 713-714. The First Circuit generally utilizes a proximate cause standard when assessing whether a plaintiff's claims arise out of or are related to a defendant's contacts. *See id.* at 708. To satisfy the First Circuit's test, a plaintiff must show: (1) the claim underlying the litigation directly arises out of, or relates to, the defendant's forum-state activities; (2) the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state; and (3) the exercise of jurisdiction is reasonable under the "gestalt" factors.[2] *See Sawtelle v. Farrell*, 70 F.3d at 1389.

This Court need not, however, reach the application of the proximate cause or any other standard because a necessary prerequisite -- that Hydro have at least *some* contacts with Massachusetts -- is utterly lacking. As set forth above and in the Reiss Declaration, Hydro lacks any contact whatsoever with Massachusetts. Thus, this Court lacks specific personal jurisdiction over Hydro, and HOH's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

[2] As described by the First Circuit, the gestalt factors include: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).

6

**CONCLUSION**

For the foregoing reasons, this Court should dismiss the Complaint in this action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

                                                HYDRO COMPONENT SYSTEMS, LLC,

                                                By its attorneys,

                                                /w/ Wendy S. Plotkin
                                                Daniel C. Winston (BBO #562209)
                                                Wendy S. Plotkin (BBO #647716)
                                                CHOATE, HALL & STEWART LLP
                                                Exchange Place
                                                53 State Street
                                                Boston, Massachusetts 02109
                                                Tel.:  (617) 248-5000

*Of Counsel*:

David G. Hanson
Amy L. Reichelt
REINHART BOERNER VAN DEUREN S.C.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
Tel.: (414) 298-1000

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

3951000_1.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
HOH SYSTEMS, INC.                  )
d/b/a HYDROTHANE SYSTEMS,          )
                                   )
                    Plaintiff,     )
                                   )
         vs.                       )   Case No. 05 cv 11059 RGS
                                   )
AFTERMARKET BUSINESS               )
CONSULTANTS, INC., d/b/a ABC, INC.,)
ROBERT ROY CHEESMAN, and           )
HYDRO COMPONENT SYSTEMS, LLC.,     )
                                   )
                    Defendants.    )
_____)

**DECLARATION OF THOMAS J. REISS IN SUPPORT OF
DEFENDANT HYDRO COMPONENT SYSTEMS, LLC'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

State of Wisconsin   )
                     : SS
Jefferson County     )

Thomas J. Reiss, Jr. being first duly sworn on oath, deposes and states as follows:

1. My name is Thomas J. Reiss. I am the President of Hydro Component Systems, LLC.

2. Hydro is a Wisconsin corporation, its only place of business is located in Watertown, Wisconsin. Reiss International companies unrelated to this lawsuit do have business locations in other cities in Wisconsin, but no business locations in Massachusetts.

3. To my knowledge, Hydro has never made a sale in Massachusetts.

3951017v1

4. Hydro is not registered to do business in Massachusetts, does not maintain a registered agent in Massachusetts, and owns no property there.

5. Neither I, nor any agent of Hydro, was personally served with the Complaint in this lawsuit while physically present in Massachusetts.

6. Hydro maintains all of its files in Wisconsin and sends and receives all of its business correspondence from and to Wisconsin.

7. Hydro uses banks in Wisconsin for its banking needs, and issues salary checks from Wisconsin using a Wisconsin bank account.

8. Hydro has no subsidiaries or distributors and no sales agents either in or assigned to Massachusetts.

9. Hydro does not direct any advertising to Massachusetts.

10. Hydro is not in the business of providing insurance.

11. Hydro does not have any directors or officers living in Massachusetts, and no Hydro director or officer is subject to a child support decree issued in Massachusetts.

12. Hydro Component Systems, does maintain a website at *www.hyrdocomponentsystems.com*. This website allows individuals to request information from the company, but does not permit on-line sales.

3951017v1

13. Hydro is not in a partnership with either Roy Cheesman or Aftermarket Business Consultants, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Thomas J. Reiss, Jr.