UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOH SYSTEMS, INC. <br> d/b/a HYDROTHANE SYSTEMS, <br><br> Plaintiff, <br><br> vs. <br><br> AFTERMARKET BUSINESS <br> CONSULTANTS, INC. , d/b/a ABC, INC., <br> ROBERT ROY CHEESMAN, and <br> HYDRO COMPONENT SYSTEMS, LLC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. 05 cv 11059 RGS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OF DEFENDANTS AFTERMARKET BUSINESS
CONSULTANTS, INC. AND ROBERT ROY CHEESMAN IN SUPPORT
OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

**INTRODUCTION**

No entity -- whether a person or a company -- can be forced to defend a lawsuit in a forum unless it has minimum contacts with the forum. Aftermarket Business Consultants, Inc. ("ABC") and Robert Roy Cheesman ("Roy Cheesman"), through their counsel, Choate, Hall & Stewart LLP and Reinhart Boerner Van Deuren s.c., hereby move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(2), because they lack sufficient contacts with this forum.

**FACTS**

ABC is a Wisconsin corporation. S*ee* Declaration of Robert Roy Cheesman ("Cheesman Declaration") at ¶ 2. ABC's only place of business is located in Waukesha, Wisconsin. *See id.* at

¶ 2.[1]   ABC is not registered to do business in Massachusetts and has no agent for service of process there.  *See id.* at ¶ 3.  ABC owns no property in Massachusetts.  *See id.* at ¶ 3.  No officer or director of ABC lives in Massachusetts or is subject to a Massachusetts state court-ordered child support decree.  *See id.* at ¶ 10.  ABC and Cheesman both received service of the Complaint in Wisconsin; they were not served while present in Massachusetts.  *See id.* at ¶ _.[2]

Cheesman in his individual capacity does not have any personal or business contacts with Massachusetts.  Cheesman is the sole full-time employee of ABC, and a resident of Wisconsin.  *See* Cheesman Declaration at ¶¶ 4, 12.  Cheesman owns no property in Massachusetts, does not have a Massachusetts address or phone number, and does not maintain any Massachusetts bank accounts.  *See id.* at ¶¶ 5, 6, 12.  Contrary to the allegations of the Complaint, neither Cheesman nor ABC are partners with Hydro.  *See id.* at ¶ 20.

ABC's contacts with Massachusetts relating to HOH are sporadic.  First, in June of 1999, Cheesman[3] traveled to Massachusetts to meet with HOH at the request of HOH.  *See* Cheesman Declaration at ¶ 13.  At that meeting, ABC and HOH discussed entering into a marketing agreement.  Cheesman left Massachusetts without signing an agreement or negotiating many of the points on which the parties ultimately agreed.  *See id.*

Second, HOH asked Cheesman to travel to Massachusetts during a week in May of 2000 to assemble a product for one of HOH's clients.  *See* Cheesman Declaration at ¶ 14.  That work

---

[1] ABC previously operated another business location in Pewaukee, Wisconsin, but that business location no longer exists.  *See* Cheesman Declaration at ¶ 2.

[2] Wisconsin is the place where ABC keeps and maintains all company files, sends and receives its business correspondence, and maintains its bank accounts.  *See* Cheesman Declaration at ¶¶ 5, 6.  ABC has no subsidiaries or distributors located in or doing business in Massachusetts.  *See id.* at ¶ 7.  ABC has no sales representatives assigned to Massachusetts, nor does ABC direct advertising there.  *See id.* at ¶¶ 7, 8.  ABC is not in the business of providing insurance.  *See id.* at ¶ 9.  ABC does not maintain a website.  *See id.* at ¶ 11.

[3] Unless otherwise indicated, Cheesman was acting for ABC in each instance discussed in this brief.

was unrelated to the contract between HOH and ABC; HOH paid ABC separately for the work on an hourly basis.  *See id.*

Third, Cheesman attended a dinner meeting in Massachusetts requested by HOH in August of 2001.  *See id.* at ¶ 15.  At that meeting, HOH purported to terminate its relationship with ABC.

ABC has only a few additional contacts with Massachusetts.  First, three times between 1999 and 2002, Cheesman (again acting for ABC) traveled to a power plant in Massachusetts to meet with a client to discuss a product.  *See* Cheesman Declaration at ¶ 16.  Finally, Cheesman gave two one-day presentations at the request of a customer in August of 2001 and December of 1999.[4]  *See id.* at ¶ 17.  Cheesman has no contacts with Massachusetts except those disclosed here:  all contacts were as agents for a company, and not in his personal capacity.  *See id.* at ¶ 18. The Complaint does not allege differently: no allegation in the Complaint even hints at a connection between Cheesman and Massachusetts.

## LEGAL STANDARD AND BURDEN OF PROOF

If a Court proceeds without holding an evidentiary hearing when ruling on a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a *prima facie* showing of jurisdiction over a defendant  *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 712 (1st Cir.1996).  The First Circuit has cautioned that evidentiary hearings should be used sparingly because: (1) the hearings are taxing and cumbersome; and (2) factual determinations made before trial may have binding, preclusive effects.  *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 284 F.Supp. 2d 204, 211 (D. Mass. 2003).  Courts should resort to evidentiary

---

[4] Before ABC was in existence, Cheesman was an employee of U.S. Filter.  Between 1988 and 1999, Cheesman made several trips to Massachusetts at the direction of, and acting as an employee of U.S. Filter.

hearings only "when the proffered evidence is conflicting and the record is rife with contradictions." *See id.*

Under the *prima facie* standard, the plaintiff must cite to specific evidence in the record demonstrating the relevant jurisdictional facts. *See* Daynard, 290 F.3d at 51. (1st Cir. 2002). The court accepts the plaintiff's "properly documented evidentiary proffers as true for the purpose of determining the adequacy of the *prima facie* jurisdictional showing." *Id.* at 45. The court must also accept as true any uncontested facts put forward by the defendant. *See id.* The court will then dismiss if it finds sufficient contact between the defendant and the forum to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due Process Clause. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995).

## ARGUMENT

For more than 50 years, the touchstone of personal jurisdiction in the federal courts has been whether the defendant purposefully established minimum contacts in the forum state such that he would reasonably anticipate being haled into the forum court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) *citing International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S. Ct. at 158 (1945).

When determining whether personal jurisdiction exists, courts in Massachusetts analyze first whether jurisdiction is proper under Massachusetts' long-arm statute and then whether exercise of jurisdiction comports with traditional notions of due process. *See A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. 39, 42 (D. Mass. 1990). HOH can satisfy neither step of this test, whether as to ABC or to Roy Cheesman in his personal capacity.

I.     **MASSACHUSETTS CANNOT EXERCISE JURISDICTION OVER ABC OR CHEESMAN UNDER ITS LONG-ARM STATUTE.**

Under the Massachusetts long-arm statute, M.G.L.A. c. 223A, jurisdiction over a nonresident is proper only if a party:  (1) transacts any business in Massachusetts; (2) contracts to supply services or things in Massachusetts; (3) causes tortious injury by an act or omission in Massachusetts; (4) causes tortious injury by an act outside Massachusetts and regularly conducts or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Massachusetts; (5) has an interest in real property in Massachusetts; (6) contracts to insure any person in Massachusetts; (7) lives in Massachusetts as a party to valid state marriage contract; or (8) is subject to a Massachusetts state court-ordered child support decree.  *See A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. at 42.

Factors four through eight are easily disposed of.  Neither ABC nor Cheesman regularly conduct business or derive substantial revenue from goods used or consumed in Massachusetts. *See* Cheesman Declaration at ¶ 19.  Therefore, even if this court would find Cheesman or ABC committed a tortious injury, the fourth factor would be inapplicable.  Likewise, Cheesman's Declaration establishes that neither ABC nor Cheesman have any interest in real property in Massachusetts or contract to provide insurance in Massachusetts.  *See id.* at ¶¶ 3, 9, 12.  No ABC Officers or Directors are subject to a Massachusetts marriage contract or child support decree and the same is true for Cheesman.  *See id.* at ¶¶ 10, 12.

HOH also cannot show jurisdiction over ABC or Cheesman based on any of the remaining three elements.  In reverse order, first, HOH cannot, and has not, alleged ABC or Cheesman caused a tortious injury in Massachusetts.  *See Comer v. Comer*, 295 F.Supp. 201, 208 n.5 (D. Mass. 2003) (holding party could not show tortious injury occurred in jurisdiction when

the only injury in Massachusetts claimed by a party was that the party felt the economic effects of alleged injury in Massachusetts).

HOH identifies no act in Massachusetts by which HOH claims to be harmed from occurred in Massachusetts.  Thus, the tortious injury cannot be said to have occurred in Massachusetts.

Next, except for the handful of service visits ABC made to Massachusetts between 1999 and 2002, ABC does not contract to provide goods or services in Massachusetts.  Finally, the above instances are the only business ABC or Cheesman have transacted in Massachusetts.

## II.   MASSACHUSETTS CANNOT EXERCISE PERSONAL JURISDICTION OVER ABC OR CHEESMAN WITHOUT VIOLATING TRADITIONAL NOTIONS OF DUE PROCESS.

Even if HOH could satisfy any of the elements under Massachusetts' long-arm statute (and the burden does belong to the plaintiff, *see A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc.*, 742 F. Supp. at 42) the exercise of jurisdiction by Massachusetts over ABC would not comport with due process requirements.  To determine whether due process is satisfied, courts analyze minimum contacts to determine whether the contacts will satisfy either general or specific jurisdiction.  General jurisdiction refers to the analysis courts use when the plaintiff's claim does not arise out of or relate to the defendant's contacts with the forum.  *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. 408, 414, n.9, 104 S. Ct. 1868, 1872, n.9 (1984).  Specific jurisdiction refers to the analysis courts use when the plaintiff's claim arises out of or relates to the defendant's contacts.  *Id.* at 414, n.8.  HOH's Complaint alleges no contacts with Massachusetts whatsoever, and the Cheesman Affidavit establishes that ABC's only contacts with Massachusetts are, at best, sporadic and isolated.  Finally, Cheesman in personal capacity lacks even a single contact with Massachusetts.  Thus, this Court lacks both general and specific personal jurisdiction over ABC and Cheesman.

### A.     General Jurisdiction Exists Over Neither ABC Nor Cheesman.

Under the general jurisdiction analysis, the due process requirements of the Constitution are satisfied only when a defendant has purposefully established "continuous and systematic contact" with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. at 414. As commentators have recognized, "this is a high standard to meet." *See* 1. Robert L. Haig, Ed. *Business and Commercial Litigation in the Federal Courts*, Section 2.6(1) (West Group & ABA 1998). The First Circuit has held that the contacts significantly greater than Cheesman and ABC have had with Massachusetts are insufficient to show general jurisdiction. *See e.g.*, *American Express Int'l, Inc. v. Mendez-Capellon*, 889 F.2d 1175, 1179-81 (1st Cir. 1989) (holding no general jurisdiction over a company who used bank accounts and trained its employees in the forum) and *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 214-15 (1st Cir. 1984) (holding no general jurisdiction over a company when company advertised in journals circulated in forum and employed eight sales representatives to solicit orders, including two residents, within the forum).

### B.     Specific Jurisdiction Exists Over Neither ABC Nor Cheesman.

Similarly, this Court lacks specific personal jurisdiction over ABC and therefore must dismiss HOH's Complaint. The Supreme Court has stated that specific jurisdiction exists when the plaintiff's claims arise out of or are related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. R.V. Hall*, 466 U.S. at 414, n.8. The focus under a specific jurisdiction analysis is on the nexus between the defendant's contacts and the plaintiff's cause of action. *See Nowak v. Tak How Investments, Ltd.*, 94 F.3d at 714. This "relatedness requirement" ensures that the defendant will not be subject to specific personal jurisdiction unless the defendant's contacts with the state caused the alleged harm. *See West Maine Products, Inc. v. Dolphite, Inc.*, 2005 WL 1000259, *6 (D. Mass. Mar. 23, 2005). The First Circuit generally

utilizes a proximate cause standard when assessing whether a plaintiff's claims arise out of or are related to a defendant's contacts. *See Nowak*, 94 F.3d at 708. To satisfy the First Circuit's test, a plaintiff must show: (1) the claim underlying the litigation directly arises out of, or relates to, the defendant's forum-state activities; (2) the defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the forum state; and (3)[5] the exercise of jurisdiction is reasonable under the "gestalt" factors. *See Sawtelle v. Farrell*, 70 F.3d at 1389.

The fact that HOH might have felt the "economic consequences in Massachusetts" as a result of ABC's actions "is not enough to satisfy the 'tortious injury' requirement" of the jurisdictional provision. *Comer v. Comer*, 295 F.Supp. 2d 201, 208 n.5 (D. Mass. 2003) (holding three visits to Massachusetts, including one in which defendant conducted business, was insufficient to exercise jurisdiction over defendant since claimed injuries did not arise out of any of the Massachusetts' visits).

This factor also dooms HOH's ability to assert jurisdiction over Cheesman. The fact that Mr. Cheesman is an ABC employee is insufficient to establish that he caused HOH's alleged injuries *even if* ABC injured HOH through its contacts in Massachusetts. *See Interface Group-Massachusetts, LLC v. Rosen*, 256 F.Supp. 2d 103, 107-08 (D. Mass. 2003) (holding to exercise jurisdiction over individual defendant (who was a corporate officer of the corporate defendant) court could only consider whether the specific contacts between the individual and the forum caused the injuries of which the plaintiff complained).

Neither ABC nor Cheesman purposefully availed themselves of the privilege of doing business in Massachusetts such that either could expect to be haled into court in Massachusetts. Although ABC entered into a contract with a Massachusetts entity, it did so under circumstances

---

[5] *See Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 717 (1st Cir. 1996) (assessing the gestalt factors is particular important only where the minimum contacts question is very close).

that would not require ABC to travel to or do business in Massachusetts. Indeed, in the three years ABC had a relationship with HOH, it had only three related contacts with Massachusetts -- two of which were to discuss starting and ending the relationship.

ABC and Cheesman's other limited contacts with Massachusetts, done only at the request of other customers, likewise do not demonstrate a purposeful availment of doing business in Massachusetts.

Finally, with respect to the gestalt factors, courts are to consider: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interest of all sovereigns in promoting substantive social policies. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1394 (1st Cir. 1995).

In this case, the burden of Cheesman or ABC appearing in Massachusetts is great. Neither have offices or any other base in Massachusetts. ABC is a small company with limited resources, trips to Massachusetts to assist with the defense would be financially prohibitive for both ABC and Mr. Cheesman.

Second and third, although HOH is a Massachusetts company, HOH alleges no additional factors to support Massachusetts' interest in adjudicating this dispute or that it could not obtain convenient and effective relief outside of Massachusetts.

Fourth, the most effective resolution of this case can only be had outside of Massachusetts. All the defendants and many witnesses live outside of Massachusetts. Adjudicating in a court whose limited subpoena powers will prevent attendance of key witnesses would be inefficient.

Finally, HOH has not alleged any substantive social policies in this case that would weigh toward Massachusetts keeping this case.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint in this action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

AFTERMARKET BUSINESS
CONSULTANTS, INC. , d/b/a ABC, INC., and
ROBERT ROY CHEESMAN,

By their attorneys,


/s/ Wendy S. Plotkin_____
Daniel C. Winston (BBO #562209)
Wendy S. Plotkin (BBO #647716)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel.:  (617) 248-5000

*Of Counsel*:

David G. Hanson
Amy L. Reichelt
REINHART BOERNER VAN DEUREN S.C.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
Tel.:  (414) 298-1000

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

Dated:  June 29, 2005

3950817_1.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HOH SYSTEMS, INC. <br> d/b/a HYDROTHANE SYSTEMS, <br><br> Plaintiff, <br><br> vs. <br><br> AFTERMARKET BUSINESS <br> CONSULTANTS, INC. , d/b/a ABC, INC., <br> ROBERT ROY CHEESMAN, and <br> HYDRO COMPONENT SYSTEMS, LLC., <br><br> Defendants. | Case No. 05 cv 11059 RGS |

## DEFENDANTS' MOTION TO DISMISS

Defendants Aftermarket Business Consultants, Inc. and Robert Roy Cheesman (the "Defendants") hereby move, pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss plaintiff HOH Systems, Inc.'s Complaint on the grounds that this court lacks personal jurisdiction over the Defendants. Further grounds for this Motion to Dismiss are set forth in the Memorandum of Defendant's Aftermarket Business Consultants and Robert Roy Cheesman in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(2).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), defendants respectfully request a hearing on this Motion to Dismiss.

3950845v1

**WHEREFORE,** defendants Aftermarket Business Consultants, Inc. and Robert Roy Cheesman respectfully request that this Court dismiss the plaintiff's Complaint in its entirety.

Respectfully submitted,

AFTERMARKET BUSINESS
CONSULTANTS, INC. , d/b/a ABC, INC.,
and ROBERT ROY CHEESMAN,

By their attorneys,

/s/ Wendy S. Plotkin
Daniel C. Winston (BBO #562209)
Wendy S. Plotkin (BBO #647716)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 248-5000

*Of Counsel:*

David G. Hanson
Amy L. Reichelt
Reinhart Boerner Van Deuren S.C.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
(414) 298-1000

Mailing Address:
P.O. Box 2965
Milwaukee, WI 53201-2965

## Certification Pursuant to Local Rule 7.1.

I, Wendy S. Plotkin, counsel for Aftermarket Business Consultants, Inc. and Robert Roy Cheesman., hereby certify that I attempted to confer with counsel for HOH Systems, Inc. and I was not able to able to reach counsel for HOH Sytems, Inc. prior to filing this Motion.

/s/ Wendy S. Plotkin

3950845v1